LEVY, Judge.
The “... her lips said ‘no’, but her eyes said ‘yes’ ...” position of the defendant cannot be condoned by this Court nor will it be accepted as a legal defense to a charge of sexual battery (more commonly known as rape). To do so would, in effect, virtually eliminate sexual battery prosecutions, since every defendant charged with that crime would merely have to assert that he believed that when the victim said “no”, she really meant “yes”.
Factually, this case is unique since both the evidence introduced by the State and the evidence introduced by the defendant, specifically including his own trial testimony, conclusively establish that he is legally guilty of the sexual battery.
Specifically, the evidence introduced by the State included the testimony of the victim, who testified that the defendant forcibly engaged in sexual intercourse with her despite her well-verbalized objections to those actions. In addition, the State’s evidence included testimony reflecting the fact that the defendant told law enforcement authorities, during the investigation that preceded his arrest, that the victim in this case had said “no” three separate times, but the defendant proceeded to have intercourse with her despite her express refusal to allow him to do so. Furthermore, another witness, who was not a law enforcement officer, testified that “I believe that he [the defendant] may have said that women sometimes say ‘no’ and they really mean ‘yes’.”
Thereafter, during the defendant’s presentation of evidence, the defendant specifically testified before the jury that the victim had said “no” three times prior to the time that the sexual intercourse took place. At no time did the defendant testify that the victim said yes or otherwise indicate her agreement to engage in sexual intercourse with the defendant. Rather, it was the defendant’s position at trial that he interpreted her clearly verbalized objections and protestations as, in *581 the defendant’s opinion, really meaning something other than “no”. As pointed out in the ease of People v. Carapeli, 201 Cal. App.3d 589, 247 Cal.Rptr. 478, 480 (1988):
The court correctly reasoned that although some words such as “malice” differ in their legal meanings from their “plain old English” meaning, the word “consent” meant the same thing in either its legal or simple English meaning: “Consent means consent. Yes means yes: No means no.”
When the law is applied to the above stated undisputed facts, no conclusion can be reached other than the fact that the defendant is legally guilty, beyond any doubt, of the crime of Involuntary Sexual Battery.
Moving from the factual argument to an evidentiary argument, the defendant complains that the apartment manager’s testimony went far beyond the allowed “first report” exception relating to a sexual assault. The evidence is unrefuted that the victim went to the manager’s apartment immediately after the sexual assault took place. Since the manager was not available to speak to the victim at that time, the victim went back to her own apartment. Thereafter, the victim returned to the manager’s apartment and found the manager available. The victim then related the facts of the sexual assault to the apartment manager, who then immediately contacted the police. Although the record does not relate with great specificity exactly how much time passed between the time of the sexual assault and the time of the victim’s conversation with the apartment manager, a fair and objective reading of the record would suggest that it was not an unduly long period of time. Accordingly, the foregoing would suggest that it was not error to admit the apartment manager’s testimony. However, even if there were some technical violation of the “first report” exception, this alleged violation must be deemed as “harmless error”. The defendant’s own testimony acknowledged the repeated protestations of the victim. That is entirely consistent with the State’s evidence, which included not only the victim’s testimony to the same effect, but also several other witnesses concerning hearing the pre-arrest admission of the defendant that he engaged in sexual intercourse with the victim despite her expressed refusal to allow him to do so. Based on the foregoing, the record reflects, well beyond a reasonable doubt, that the alleged evidentiary error complained of could not possibly have affected the jury’s verdict in this case. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Obviously, the jury in this case based its determination solely on the law and evidence placed before it, and not on any self-justifying “caveman” attitude. Naturally, this Court can do no less.
Affirmed.